IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MARTHA R. YOUNG**,

        Plaintiff,

   v.

**ONE WEST BANK, FSB,**

        Defendant.

No. 3:10-cv-00830-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Defendant filed a Motion for Reconsideration and, in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b) [79] subsequent to my denial of its Converted Motion for Summary Judgment [16] in an Opinion and Order [78] ("Order") dated March 30, 2012. Plaintiff responded [88] and defendant replied [91]. For the following reasons, I deny defendant's motion in its entirety.

### STANDARD OF REVIEW

    Federal Rule of Civil Procedure Rule 60(b), which governs relief from an Order, "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J,*

1 – OPINION AND ORDER

*Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Defendant is silent as to which Federal Rule of Civil Procedure controls its motion for reconsideration, although it appears to argue that my reliance on both "factual and legal inaccuracies" renders my denial of summary judgment a mistake under Fed. R. Civ. P. 60(b). (Def.'s Mem. in Supp. [80] 1).

## DISCUSSION

In denying defendant's converted summary judgment motion, I held that the relevant Truth in Lending Act ("TILA") material disclosures in this case were not made "clearly and conspicuously" as a matter of law; and that the equities favor allowing Ms. Young to tender in monthly installments, with defendant maintaining a security interest in her home until the outstanding principal balance is paid back in full.  Defendant asserts that these findings are premised on both factual and legal inaccuracies and that once each is corrected, it is entitled to summary judgment in its favor. Alternatively, defendant requests that I certify this case for an immediate appeal pursuant to 28 U.S.C. § 1292(b).

### I.     TILA Material Disclosures

With regard to the alleged factual issues in need of amendment as to this issue, I first note that the table in footnote two of the Order incorrectly lists the APR listed in the TILA disclosure statement ("TILDS") dated July 10, 2007, as "0.075%," when it should state "6.675%." This error is immaterial to my ultimate conclusion, however, because the issue has never been the vast difference between the "0.075%" APR and the APRs contained in the other two TILDSs, but rather that the APR varies between all three TILDSs provided to plaintiff on the day of signing. Defendant's second argument—that my holding as to the clarity and conspicuousness of the TILA material disclosures was improperly linked to negative amortization—is unpersuasive,

because my analysis in support of my conclusion never once took into account the negatively amortizing nature of the loan in question. Lastly, defendant's argument that the Specific Closing Instructions do in fact provide instructions regarding the Notice of Right to Cancel is also inconsequential, because, even assuming it is correct, the change would not alter the conclusion that there are material issues of fact as to the agency issue.

Further, defendant proffers three arguments in support of its contention that this portion of the Order rests on legal matters requiring correction. It first argues that I erred in suggesting that the general statement designating the estimate TILDSs in this case as estimates was insufficient. Next, defendant argues that the estimate TILDSs by their nature cannot conflict with the final TILA material disclosures because estimates rely on information subject to change. Neither of these arguments, assuming defendant is correct, changes the result in this case. The issue here is not whether two of the TILDSs were marked as estimates, or whether estimate TILDSs generally cannot conflict with a final TILDS. Rather, the issue is whether on these facts, a reasonable consumer would "notice and understand" the final material TILA disclosures. *Barrer v. Chase Bank USA*, N.A., 566 F.3d 883, 892 (9th Cir. 2009); 15 U.S.C. § 1632(a), 12 C.F.R. § 226.17(a). A reasonable consumer in Ms. Young's position would not have noticed and understood the material TILA disclosures, considering that she was asked to sign three TILDSs at siging that contained material TILA disclosures that conflicted with each other in the way they did in this case. Defendant's "delivery" argument is unavailing for the same reason, because the fact that Ms. Young only brought home the final TILDS does not remedy the fact that signing TILDSs containing conflicting material disclosures on the same day would stunt a reasonable consumer's understanding of the final disclosures during the three-day TILA rescission period. Defendant's final argument is that the TILA discourages oral explanations of TILA material

3 – OPINION AND ORDER

disclosures because such explanations increase the likelihood of consumer confusion. My statement that plaintiff was not provided further instruction at signing, however, should not be construed as a finding that the final material disclosures in this case were unclear because the creditor did not do something they were not required to do. The final TILA material disclosures in this case were unclear and inconspicuous for the reasons stated above, and thus, the above statement was inapposite to my ultimate conclusion.

## II.     Tender

Defendant again identifies both factual and legal inaccuracies that it asserts render mistaken my holding that the equities favor allowing Ms. Young to tender in monthly installments. The alleged factual errors advanced by defendant all fail based on the same line of reasoning. In noting that Ms. Young cannot apply for a reverse mortgage at the summary judgment stage because of the accrued interest that is currently attached to her loan, I was merely supporting my finding that Ms. Young does not have to prove ability to tender at this stage. Then, if she prevails at trial, the interest will be removed and she will be able to apply for a reverse mortgage irrespective of the accrual. These findings properly set the stage for the real issue at hand: there is no dispute that even if Ms. Young obtains a reverse mortgage, she will still be a few thousand dollars short, which requires that I exercise equitable discretion in order to allow the case to proceed. Under this framework, the accrued interest cannot be included in the amount that plaintiff must tender, because if the time arises that I require Ms. Young to prove the ability to obtain a reverse mortgage, it will only be after a verdict in her favor, which necessarily eliminates the accrued interest from the mortgage.

Defendant's allegations of legal inaccuracies likewise fail.  First, I did not suggest that defendant has the burden of proving that Ms. Young cannot meet the tender requirement. Rather,

4 – OPINION AND ORDER

I exercised my equitable discretion and shifted plaintiff's burden to prove the ability to tender until after summary judgment, while simultaneously implying that the balance of equities would have been different had defendant presented facts at summary judgment suggesting that the shift would be futile. I reject defendant's second argument—that I do not have the power to allow tender by installment payments—for the same reasons addressed in the Order. *See also James v. Bridge Capital Corp.*, 08–CV–397–BR, 2011 WL 309692, at *7–9 (D. Or. Jan 27, 2011).

### III.    Certification Pursuant to 28 U.S.C. § 1292(b)

28 U.S.C. § 1292(b) ("§ 1292(b)") authorizes "district courts to certify an order for interlocutory appeal if: (1) the 'order involves a controlling question of law;' (2) there is 'substantial ground for difference of opinion;' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Brizzee v. Fred Meyer Stores, Inc.*, 04-cv-1566-ST, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008) (quoting § 1292(b)). I have "unfettered discretion to deny certification" even when all three statutory criteria are satisfied. *Id.* (quotation omitted). "§ 1292(b) 'is to be applied sparingly and only in exceptional circumstances.'" *Id.* at *4 (quoting *United States v. Woodbury*, 263 F.2d 784, 799 n.11 (9th Cir. 1959)).

Pursuant to this Order, defendant's only remaining asserted controlling questions of law in this case are whether final accurate material TILA disclosures can be unclear and inconspicuous based on the facts in this case, and whether this court has equitable discretion to allow a borrower to meet the tender requirement through installment payments. "A 'question of law' means a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts." *Id.* (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Illinois*, 219 F.3d 674, 675–77 (7th Cir. 2000)). The first issue is not a pure question of law, because while

clarity and conspicuousness under TILA are questions of law, the ultimate determination depends on an examination of the facts in this case. Second, I do not find that there is substantial ground for difference of opinion with regard to whether this court has equitable discretion to allow a borrower to meet the tender requirement through installment payments if the equities so dictate. Therefore, defendant's request for certification pursuant to § 1292(b) should be denied.

## CONCLUSION

Defendant's Motion for Reconsideration and, in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b) [79] is DENIED.

IT IS SO ORDERED.

DATED this   6th   day of August, 2012.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court